PORTER, Price Administrator, v. KENMORE MFG. CO. (two cases).

Nos. 9045, 9046.

Circuit Court of Appeals, Seventh Circuit.

April 19, 1947.

George Moncharsh, Milton Klein, David London, and Norma G. Zarky, all of Washington, D. C., Amos J. Coffman, Geo. E. Leonard, and Jacob Cohen, all of Chicago, Ill., William E. Remy and Albert M. Dreyer, both of Washington, D. C., Isadore Kovitz, of Chicago, Ill., and Stanley B. Frosh, of Washington, D. C., for appellant OPA.

Henry W. Dieringer and Wm. T. Murphy, both of Chicago, Ill., Daniel D. Lynch, of Hammond, Ind., and Murphy & Dieringer, of Chicago, Ill., for Kenmore Mfg. Co.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Plaintiff appeals from a decree entered in an O. P. A. case because it was refused single damages for sales by defendant, over ceiling prices. The defendant appeals from that part of the decree which granted an injunction against its selling such product over the ceiling prices, in the future.

The court found that defendant had made sales of kraft paper in violation of Maximum Price Regulation No. 182 and entered a decree enjoining it from making any over the maximum price sales in the future. It also found over the ceiling price sales by defendant were not wilful but were made in good faith. It refused to award a money judgment for the single damages, as well as for treble damages, because the defendant's conduct was not wilful.

■ It was stated on oral argument that it is the Government's policy to consent to the vacation of such injunctions upon the removal of the product concerned from the coverage of the Act. Since paper is no longer subject to the ceiling price limitations, the portion of the decree granting the injunction is vacated.

The trial court made three findings and conclusions which are set forth in the margin.[1]

The Government contended that over-ceiling charges amounted to at least $2,677.74, and it here seeks a remandment with instructions that the trial court make a finding of the precise amount of over-ceiling charges and enter judgment for said amount.

---

[1] "5. * * defendant did sell * * bogus kraft wrapping paper at prices in excess of the maximum prices established therefor by Maximum Price Regulation No. 182, * * for imitation kraft wrapping paper * *."

"7. Defendant's sales of bogus kraft wrapping paper at prices in excess of the maximum prices * * for imitation kraft wrapping paper were made in good faith and defendant did not willfully violate such regulation nor fail to take reasonable precautions against violating said regulation."

"4. Defendant's sales of bogus kraft wrapping paper at prices in excess of the maximum prices established therefor under Maximum Price Regulation No. 182, * * for imitation kraft wrapping paper, were not wilful but were made in good faith, therefore the claim of the plaintiff for damages *in any amount* on account of overcharges is denied." (Italics ours.)

Defendant, on the other hand, argues (a) that finding 5 (as well as 4) are without evidentiary support and (b) the court was justified in holding that it could and should, in the absence of defendant's wilful wrongdoing, refuse to award any damages against defendant.

Was there evidence to support the above-quoted findings 4 and 5?

Defendant contends that its paper products were not "imitation kraft wrapping paper" within the definition of that term in subparagraph nine of Section 1347.311, Maximum Price Regulation No. 182.

This section reads

"(9) 'Imitation kraft wrapping paper' means any wrapping paper 18 lb. basis weight or over containing 60% or more of any one or any combination of waste paper, groundwood or screenings, but also containing 25% or more of unbleached sulphate pulp or kraft waste, kraft screenings, or kraft clippings. Manufacturers of 'Imitation Kraft wrapping paper' must either stencil or label each roll or bundle of such paper with a designation including the words 'Imitation Kraft' or state on the invoice, when selling such grade, that such rolls or bundles are 'Imitation Kraft.' In those cases where the rolls or bundles are not stenciled or labeled, merchants and distributors when selling such grade must state on the invoice that such rolls or bundles are 'Imitation Kraft.' "

An examination of the evidence disclosed numerous invoices prepared by defendant and sent to its customers which show sales of "Bogus Kraft" paper. Moreover, the record shows that two terms used in the paper industry, are interchangeable, namely, bogus kraft and imitation kraft. It is clear that defendant sold its product as bogus kraft. In its first answer filed in this case, defendant admitted sales of imitation kraft wrapping paper but asserted it did not wilfully violate the aforesaid Regulation. It was not until after the trial was nearly over that it changed its answer to a denial of sale of imitation kraft paper as that term is defined in the Regulation.

It is defendant's contention that not all bogus kraft paper or imitation kraft paper comes under Regulation No. 182. Only the imitation paper specifically defined is regulated. In other words, assuming bogus kraft paper is imitation kraft paper, there is still a lack of proof that the paper it sold was imitation kraft which contained "twenty-five percent. or more of unbleached sulphate pulp or kraft waste, kraft screenings, or kraft clippings." Likewise there was no showing that the "bogus kraft" which defendant sold was "18 lb. basis weight or over containing 60% or more of any one or any combination of waste paper, groundwood or screenings, * * * or kraft clippings."

Our examination of the evidence supports the defendant's contention as to the evidentiary showing. Plaintiff offered no evidence, and none was received, showing the exact content of the bogus paper which defendant sold.

Our conclusion in this case is confirmed by a modification which plaintiff made April 1, 1943, and effective April 7, of that year. It amended Regulation 182 to read as follows:

"Unbleached sulphate means wood pulp produced by the sulphate process from either coniferous or broad leaf wood either unbleached or bleached to a General Electric brightness of 35 or less."

We are not enlightened by evidence or explanation as to what this amendment means.

██ If defendant and others similarly situated are to be charged with a violation of the O. P. A. Act, 50 U.S.C.A.Appendix, § 901 et seq., they should be permitted to rely upon the rule which requires the plaintiff to prove the allegations of its charge. And the rule must be most stringently enforced when the action is quasi criminal.

██ Such a requirement is not met in the instant case by merely showing that some sort of bogus kraft paper was sold by the defendant.

The judgment of the District Court denying the recovery of damages to the plaintiff is affirmed.